_JjPARRO, J.,
dissenting.
I disagree with the majority’s conclusion that the trial court’s ruling, which limited the defendant’s cross-examination of the state’s chief witness about pending criminal charges against him in Mississippi, constituted reversible error.
I agree that an accused has the right to cross-examine a state’s witness as to a relevant pending criminal charge in order to show possible bias. In fact, a defendant has both a constitutionally and statutorily protected right to expose through cross-examination facts which tend to show that a witness is biased, has an interest in the outcome of the trial, or has been corrupted by the state. State v. Trosclair, 443 So.2d 1098, 1104 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). However, before the defendant can introduce extrinsic evidence for this purpose, the defendant must lay a proper foundation. State v. Glynn, 94-0332 (La.App. 1st Cir.4/7/95), 653 So.2d 1288, 1307, writ denied, 95-1153 (La.10/6/95), 661 So.2d 464. See State v. Hookfin, 476 So.2d 481, 491 (La.App. 1st Cir.1985).
The defendant argues that evidence of Mr. Trunell’s arrests is relevant to show bias or leverage. The defendant fails to explain how or why evidence of arrests or pending charges for crimes in the state of Mississippi is relevant to the issues of bias or leverage in a prosecution for a crime that took place in Louisiana. The witness had not been charged with the same crime as the defendant, nor was there any evidence that the witness had been charged with any crimes in West Feliciana Parish or the state of Louisiana. In addition, during pre-trial discovery, the defendant requested notification of any and all consideration, or promises of consideration, given to or made on behalf of government witnesses, including but not limited to immunity grants, and anything which could arguably create an interest or bias in the witness in favor of the state or against the defendant. The state responded that no such consideration had been given.
Furthermore, the defendant was unable to demonstrate any connection between the charges against the witness in Mississippi and the potential for leverage over the witness by the prosecutor for West Feliciana Parish. The defendant attempted to show at the hearing on the motion for new trial that the state of Mississippi was a member of the Delta Task Force for which the witness had worked. The defendant argued that because Mississippi was involved in this task force, any deals con-fected in Mississippi concerning pending charges there could be imputed to Louisiana.
The testimony adduced at trial did not support that argument. The defendant’s attorney asked Deputy Cutrer if the Delta Task Force was in fact a joint Mississippi/Louisiana operation. Deputy Cutrer replied that the task force was a joint operation between East and West Feliciana Parishes, Baker, and Zachary. Mississippi did not participate in the task force, although there was some coordination with *85 Mississippi authorities. Other than the fact that Mississippi law enforcement personnel | ¡¡recommended or sent Mr. Trunell to the Delta Task Force, no other connection was demonstrated.
There is no evidence in the record to suggest that prosecutors in West Feliciana Parish had any leverage, control, or influence on pending prosecutions or charges in Mississippi. See State v. Gomez, 433 So.2d 230, 235 (La.App. 1st Cir.), writs denied, 440 So.2d 730 & 441 So.2d 747 (La.1983). There is also nothing in the record to demonstrate that evidence of pending charges in Mississippi, which were unrelated to the defendant’s instant charges, were independently relevant to show the bias of the witness. Therefore, the trial court properly limited the cross-examination of this witness by the defendant. The convictions of the defendant should be affirmed.
I respectfully dissent.